**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INTERNATIONAL MARINE RESEARCH**
**INSTITUTE, INC.,**

          **Plaintiff,**

**-vs-**                                         **Case No.  6:05-cv-626-Orl-31KRS**

**JOHN H. RUMPEL,**

          **Defendant.**

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT, JOHN RUMPEL'S MOTION: (1) TO COMPEL PLAINTIFF TO PRODUCE ITS PRESIDENT, MR. RUSSELL THOMAS, FOR DEPOSITION; (2) TO COMPEL VERIFIED ANSWERS TO INTERROGATORIES; AND (3) AWARDING MR. RUMPEL HIS ATTORNEY'S FEES (Doc. No. 43)
>
> **FILED:** January 31, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part as set forth herein.

On May 9, 2005, Plaintiff International Marine Research Institute, Inc. (IMRI) filed a three-count Amended Complaint against John Rumpel seeking declaratory relief with respect to certain maritime liens. Doc. No. 6. On August 16, 2005, Rumpel filed an answer, in which he asserted several counterclaims against IMRI. Doc. No. 18. Thereafter, the case proceeded to discovery.

On January 31, 2006, Rumpel filed the instant motion to compel. In sum, Rumpel seeks an Order from the Court: (1) compelling IMRI to produce its president/director, Russell Thomas, for a deposition in Orlando, Florida; and (2) compelling IMRI to supplement and verify its answers to Rumpel's interrogatories. Doc. No. 15 at 15. Rumpel also seeks an award of attorneys's fees incurred in filing the motion. *Id*.

On February 22, 2006, I held a hearing on the motion to compel. Doc. No. 52. At the hearing, the parties informed the Court that IMRI had provided verified answers to the interrogatories at issue. In addition, counsel for Rumpel represented that IMRI had satisfactorily supplemented its answers to the interrogatories with one exception: IMRI failed to provide an address for Thomas in response to Interrogatory Number 1. Counsel for IMRI indicated that he did not have an updated address for Thomas.[1] It is, therefore, **ORDERED** that, on or before February 27, 2006, IMRI shall personally serve counsel for Rumpel with Thomas' current residence address[2] or indicate that counsel for IMRI will accept service of subpoenas or other documents on behalf of Thomas

As for Rumpel's motion to compel Thomas' attendance at a deposition in Orlando, Florida, on January 9, 2006, Rumpel served counsel for IMRI with a notice of deposition for Thomas in his capacity "as President and Director of [IMRI]." Doc. No. 43, ex. A. The deposition was to take place in Orlando, Florida, on January 23, 2006. On January 19, 2006, counsel for IMRI informed counsel for Rumpel that Thomas would not appear for his deposition as noticed. Doc. No. 43, ex. C. IMRI appears to have taken the position that since Rumpel already deposed its designated corporate

---

[1] Apparently, Thomas resides in Belize. Doc. No. 48 at 2.

[2] Pursuant to the Amended Case Management and Scheduling Order entered on November 2, 2005, the discovery deadline in this matter is February 28, 2005. Doc. No. 32.

representative, Daniel Gass, pursuant to Federal Rule of Civil Procedure 30(b)(6), he was precluded from taking Thomas' deposition. *Id.*

The fact that Rumpel already deposed IMRI's corporate representative under Rule 30(b)(6) does not bar him from deposing Thomas. Indeed, the last sentence of Rule 30(b)(6) clearly states that "subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules." Fed. R. Civ. P. 30(b)(6). "Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to testify pursuant to a notice of deposition." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Serv., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004). There is no dispute that Thomas is an officer/director of IMRI. *See* Doc. No. 43, ex. B.[3] Thus, Thomas was required to attend the deposition noticed for January 23, 2006.

Rule 37(d) provides that if a party or an officer, director, or managing agent of a party fails to appear at a properly noticed deposition, "the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . ." Fed. R. Civ. P. 37(d). The rule further provides that the failure of a party or an officer, director, or managing agent of a party to appear at a properly noticed deposition "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order as provided by Rule 26(c)." *Id*. IMRI failed to seek a protective order prohibiting Thomas' deposition from going forward.

The local rules of this Court provide that "it is the general policy of the Court that a non-resident plaintiff may reasonable be deposed at least once in this District during the discovery stages

---

[3] Counsel for IMRI stated at the hearing that Thomas was an officer and director of IMRI.

of the case." M.D. Fla. L.R. 3.04(b). It does not appear that IMRI has previously been deposed in this District. It is, therefore, appropriate to require Thomas, who is an officer and director of IMRI, to appear in this District for his deposition.

Accordingly, it is **ORDERED** that Thomas shall appear for a deposition to take place in Orlando, Florida, beginning at 9:00 a.m. on February 28, 2006, at the office of Jason A. Rosenthal, counsel for Rumpel, or at such other place and time agreed to by the parties. In order to spare Thomas the expense of traveling to Florida, Thomas may comply with this Order by making arrangements with Mr. Rosenthal to conduct the deposition by videoconference. If Thomas wishes to appear by videoconference, he and IMRI must stipulate in writing before the deposition begins, or on the record at the beginning of the deposition, that the Federal Rules of Civil Procedure govern the deposition and that Thomas will be bound by an oath administered by the court reporter to the same extent as if Thomas had personally appeared in Florida. IMRI will bear the cost of the videoconference, while Rumpel will bear the cost of the court reporter necessary to conduct the deposition.

I withhold ruling on Rumpel's motion for attorney's fees until the conclusion of Thomas' deposition. Following Thomas' deposition, Rumpel and IMRI shall again confer in a good faith effort to resolve the issue of attorneys' fees. If they are unable to reach agreement, on or before March 10, 2006, Rumpel shall file a supplement to his request for attorney's fees supported by evidence of the

reasonable number of hours worked and reasonable hourly rate sought for the fees requested. *See Norman v. Hous. Auth.*, 836 F.2d 1292 (11th Cir. 1988).

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties