**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

INTERNATIONAL MARINE RESEARCH
INSTITUTE, INC.,

                **Plaintiff,**

-vs-                                                   Case No.  6:05-cv-626-Orl-31KRS

JOHN H. RUMPEL,

                **Defendant.**
_____

**ORDER**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, JOHN RUMPEL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, TO STRIKE PLAINTIFF'S PLEADINGS, AND TO ENTER A DEFAULT AGAINST PLAINTIFF ON JOHN RUMPEL'S COUNTERCLAIMS (Doc. No. 58)** |
| **FILED:** | **March 1, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

    Plaintiff International Marine Research Institute, Inc. (IMRI) filed a three-count amended complaint against John H. Rumpel seeking, among other things, a declaratory judgment that Rumpel does not have valid maritime liens on two vessels: a 48-foot yacht (Official Number 955331) and a 53-foot Carver "motoryacht" (Official Number 1114341).  Doc. No. 6.  Rumpel filed an answer, in which he asserted counterclaims against IMRI.  In the counterclaims, Rumpel seeks to reform a promissory note to show that IMRI is the obligor on the note.  He also seeks to recover from IMRI repayment of a loan.  Doc. No. 18.

The present motion arises from a discovery dispute.  On January 9, 2006, Rumpel served a notice of taking a deposition on Russell Thomas, as President and Director of IMRI.  Doc. No. 43, ex. A.  Neither IMRI nor Thomas sought a protective order regarding the deposition.   Thomas did not appear for his deposition.

Thereafter, Rumpel filed a motion to compel Thomas to appear to be deposed.  After a hearing, I granted the motion in part and ordered IMRI to produce Thomas on February 28, 2006, for a deposition in Orlando, or by video conference pursuant to certain stipulations required from IMRI. Doc. No. 53 at 4.  IMRI asked me to reconsider my order based on averments that Thomas was financially unable to travel and had no relevant testimony to provide, which request was denied. Doc. Nos. 54, 56. Thomas failed to appear for this deposition.

Therefore, I provided IMRI one, last opportunity to produce Thomas for a deposition via telephone before ruling on the present motion.  Doc. No. 73.  On May 8, 2006, IMRI produced Thomas, who lives in Belize, for a telephone deposition.  Doc. No. 78.  Following this deposition,  I permitted Rumpel to supplement his response to IMRI's pending motion for summary judgment (doc. no. 46).  Doc. No. 77.  On May 11, 2006, Rumpel supplemented his response to IMRI's motion for summary judgment in light of Thomas' deposition testimony.  Doc. No. 78.

Federal Rule of Civil Procedure 37(d) provides that if an officer or director of a party fails to appear for a deposition after being served with a proper notice, the Court may enter such orders as are just and shall require the party to pay the reasonable expenses, including attorney's fees, caused by the failure "unless the court finds that the failure was substantially justified or other circumstances make an award of expenses unjust."  In this case, Rumpel seeks the most severe in the range of sanctions, specifically an order  (1) striking IMRI's complaint, (2) dismissing IMRI's claims, and (3) entering a default against IMRI with respect to Rumpel's counterclaims, doc. no. 58 at 2.  Based on

-2-

Thomas's appearance, albeit belatedly, to be deposed, these sanctions are too harsh. *See Goodman v. New Horizons Community Serv. Bd.*, No. 05-14717, 2006 WL 940646, at *1 (11th Cir. April 12, 2006) ("Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith, and (2) the district court finds that lesser sanctions will not suffice."); *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481-82 (11th Cir. 1982) (noting that in reviewing a district court's order of dismissal pursuant to Rule 37(b) "one consideration is whether a less drastic but equally effective remedy could have been fashioned.").

In my order requiring Thomas to appear for the deposition by telephone, I stated that Rumpel could file a motion seeking to have the costs incurred in connection with the deposition taxed to IMRI as a sanction for Thomas's failure to attend his deposition as originally noticed and as subsequently ordered by the Court. Doc. No. 73. Accordingly, on or before June 1, 2006, Rumpel may file a renewed motion for monetary sanctions, if necessary after completing a good faith conference with counsel for IMRI, supported by evidence of the attorneys' fees and costs incurred in connection with the various motions to compel Thomas to appear for a deposition and the costs incurred by Rumpel incident to conducting the deposition in Belize.

**DONE** and **ORDERED** in Orlando, Florida on May 17, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

-3-