**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INTERNATIONAL MARINE RESEARCH INSTITUTE, INC.,**

        **Plaintiff,**

-vs-                                        Case No. 6:05-cv-626-Orl-31KRS

**JOHN H. RUMPEL,**

        **Defendant.**

## ORDER TO SHOW CAUSE

This cause came on for consideration by the Court *sua sponte*. On May 9, 2006, Plaintiff International Marine Research Institute, Inc. (IMRI) filed a three-count Amended Complaint against Defendant John H. Rumpel. Doc. No. 6. In Count Two, IMRI seeks a declaratory judgment that Rumpel is not entitled to a maritime lien against a 53' Carver motoryacht, Official Number 1114341, based on a Notice of Claim of Lien Rumpel filed with the United States Coast Guard.

Although the Honorable Gregory A. Presnell, presiding district judge, previously denied a motion to dismiss the Amended Complaint for lack of standing, the development of the facts incident to the pending motion for summary judgment requires that the Court revisit the issue of standing as to Count Two of the Amended Complaint. The facts currently before the Court indicate that IMRI did not own the 53' Carver motoryacht at the time the Notice of Claim of Lien was filed against that vessel. There is no indication that IMRI was obligated to any party to ensure that the 53' Carver motoryacht be free of claims of lien arising after the yacht was transferred to Defendant Rumpel.

Accordingly, IMRI shall show cause in writing on or before June 1, 2006, why its claim for declaratory relief as set forth in Count Two of the Amended Complaint should not be dismissed for lack of standing.  *See Scott v. Taylor*, 405 F.3d 1251, 1258 (11th Cir. 2005) ("Federal courts have, in the words of the Supreme Court, an independent obligation to examine their own jurisdiction, and standing is perhaps the most import of the jurisdictional doctrines.") (internal quotation marks and citation omitted); *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination.").

**DONE** and **ORDERED** in Orlando, Florida this 17th  day of May, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties